# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 17-cv-61970-BLOOM/Valle

ISMAEL BRUGES and CAROLINE KROGER,
as Co-Personal Representatives of THE ESTATE
OF RANIER BRUGES,

    Plaintiffs,

v.

TRAVELERS INDEMNITY CO. OF
CONNECTICUT, a foreign corporation;
W. CHIP HARDWICK, individually; and
OSNIEL HERNANDEZ, individually,

    Defendant.
_____/

## ORDER OF REMAND

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 5, 2017, Defendant Travelers ("Travelers") filed a Notice of Removal, ECF No. [1] ("Notice"), based upon this Court's diversity jurisdiction. Upon a review of the Notice and the record, the Court determines that it lacks subject matter jurisdiction, and this case is remanded to the state court.

### I.     Factual Background[1]

Plaintiffs originally filed this action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida on August 25, 2017. ECF No. [1-4]. Plaintiffs are co-personal representatives for the estate of Rainer Bruges, a traffic accident victim. At the time of the accident, Bruges was a resident of Florida and was driving a truck insured through his employer,

---

[1] The Court's review of a motion to remand is not confined to the allegations in the four corners of the Complaint. *Harris v. Geico Gen. Ins. Co.*, No. 11-80552-CIV, 2011 WL 13115559, at *2 (S.D. Fla. Aug. 9, 2011). As such, the Court considers the entire record before it.

Defendant Travelers. Travelers is a foreign corporation domiciled in Connecticut. Travelers' insurance adjuster, W. Chip Hardwick, and at-fault, uninsured driver, Osniel Hernandez, are both domiciled in Florida.

Plaintiffs allege that Travelers and Hardwick initially misrepresented to Plaintiffs that no uninsured motorist benefits were available under the Travelers policy. While later Travelers informed Plaintiffs that, in fact, a $1,000,000 policy existed, the complaint alleges that Travelers has failed to pay Plaintiffs any uninsured motorist benefits. Based on these facts, Plaintiffs' state court complaint alleges four causes of action styled as follows: "Count I – Action for Recovery of Uninsured Motorist Benefits Against Defendant, Travelers," "Count II – Statutory Violations Against Defendant, Travelers," "Count III – Statutory Violations Against Defendant Hardwick," and Count IV – Misrepresentation Against Defendant Hardwick." *See* ECF No. [1-4]. Defendant Travelers timely noticed removal on October 5, 2017. ECF No. [1].

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The removing party bears the burden of establishing jurisdiction, (*id.*), and it is "well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case. . . . [It] cannot be waived or otherwise conferred upon the court by the parties." *Id*. Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.*

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, provided that no defendant is a citizen of the state in which the action was brought." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996). "The presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611, 2617 (2005).

However, there exists an exception to this rule. A defendant may remove a case where there is not complete diversity if a plaintiff fraudulently joined an in-state defendant solely to defeat federal subject matter jurisdiction. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005). A party is fraudulently joined if either: (1) "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant" or (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Thus, the burden to show fraudulent joinder is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "If there is even a possibility that a state court would find that the complaint states a cause of action against . . . the resident defendant[ ], the federal court must find that joinder was proper and remand." *Triggs*, 154 F.3d at 1287. "It is not necessary that the plaintiff have a winning case against the resident defendant;

the plaintiff need only have the possibility of establishing a valid cause of action against the defendant for joinder to be legitimate." *Tolz v. GEICO Gen. Ins. Co.*, No. 08-80663-CIV, 2009 WL 10667547, at *2 (S.D. Fla. July 16, 2009) (citing *Triggs*, 154 F.3d at 1287).

**III.    Analysis**

Travelers has noticed removal of this case based on diversity because Travelers is a foreign corporation domiciled in Connecticut and Defendants Hardwick and Hernandez, while Florida citizens, are fraudulently joined. ECF No. [1] at 2. While the Court notes that there are no causes of action directed against Hernandez, the Court does not agree that there is no possible claim against non-diverse Defendant Hardwick.

Travelers argues that under Florida law, Plaintiffs cannot maintain a cause of action for misrepresentation against Defendant Hardwick. However, Defendant's citations to *Whitney v. Esurance Ins. Co.*, No. 13-61329-CIV, 2013 WL 4028151, at *2 (S.D. Fla. Aug. 7, 2013) and *Harris v. Geico Gen. Ins. Co.*, No. 11-80552-CIV, 2011 WL 13115559, at *2 (S.D. Fla. Aug. 9, 2011) are far from "indistinguishable from the facts before this Court." ECF No. [1] at 6. Neither decision addresses allegations of *intentional* misrepresentation, as alleged here by Plaintiffs. In fact, both *Whitney* and *Harris* acknowledge that a cause of action for intentional torts may be maintained against an insurance adjuster. *See Whitney*, 2013 WL 4028151, at *2 ("As explained by the Fourth District Court of Appeal, an insurance adjuster does not owe a duty to the insured unless the insured is suing for an intentional tort." (internal citations and quotation marks omitted)); *Harris*, 2011 WL 13115559, at *3 ("[A] company insurance adjuster does not owe a duty in an individual capacity to a policy holder that is separate from the duty the insurer owes to the policy holder so long as the conduct at issue is with the scope of the adjuster's employment or agency. A duty is only owed in the case of intentional torts." (citations omitted)).

Thus, as both *Whitney* and *Harris* acknowledge, Plaintiffs have established the likelihood of a valid cause of action against Hardwick under Count IV. That alone is sufficient to deprive this Court of subject matter jurisdiction in this case. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This matter is **REMANDED** to the Seventeenth Judicial Circuit Court in and for Broward County for further proceedings.

2. The Clerk is **DIRECTED TO CLOSE** this case.

3. Any pending Motions are **DENIED AS MOOT**.

4. Any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Miami, Florida, this 13th day of October, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record